967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert J. WHITE, Petitioner-Appellant,
v.
Operator CROSWELL, Jr., et al., Respondent-Appellee.
 No. 91-15659.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1992.*
Decided May 29, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Robert White, appeals the district court's dismissal of his section 1983 suit. White alleges that the appellees violated his right to due process by breaking the chain of custody of his urine sample, by disciplining him on the basis of the results of one EMIT test, and by refusing to permit him to have an independent drug test performed. White also argues that the district court erred by dismissing the complaint without conducting a fact-finding hearing or discovery, and by finding that White's allegations about the participation of Hatcher and Apo were insufficient. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 STANDARD OF REVIEW
 
 3
 We review de novo a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 DISCUSSION
 I. Chain of Custody
 
 4
 White claims that the chain of custody of his urine sample was broken. Even if this is true, however, it is insufficient to support a section 1983 action because a break in the chain of custody would not violate White's right to due process. In Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985), the Supreme Court held that the requirements of due process are satisfied if some evidence supports a decision by a prison disciplinary board. Determining whether this standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455. An examination of the chain of custody would simply be an independent assessment of the reliability of the evidence. A positive urinalysis test provides some evidence of intoxication regardless of the chain of custody. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir.1989).
 
 II. Reliance on a Single EMIT Test
 
 5
 White contends that the defendants violated his due process rights by relying solely on one EMIT test to find that he had violated the prison rules. This argument has no merit. The Supreme Court has established that "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56. The single EMIT test results, indicating that White had consumed alcohol, constituted some evidence. Therefore, reliance on the single EMIT test cannot constitute a violation of due process.
 
 III. Denial of an Independent Urinalysis
 
 6
 White argues that the defendants violated his due process rights by refusing to allow him to have an independent urinalysis test performed. In Wolff v. McDonnell, 418 U.S. 539, 566 (1974), the Supreme Court concluded that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Thus, White does not have the right to obtain additional evidence through an independent urinalysis test.
 
 IV. Fact-finding
 
 7
 White argues that the district court should have held a fact-finding hearing or allowed him to engage in discovery. As discussed above, however, there are no facts that would entitle White to relief on his claims. Therefore, a fact-finding hearing and discovery were unnecessary.
 
 
 8
 V. The Allegations Regarding Hatcher and Apo
 
 
 9
 White claims that the district court erred by dismissing the claims against defendants Hatcher and Apo. As discussed above, however, White's complaint is insufficient to support a claim against anyone, including Hatcher and Apo.[1]
 
 CONCLUSION
 
 10
 Appellant has failed to provide any claims upon which relief can be granted. Accordingly, the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thus, White's complaint is insufficient to support a claim against the parole board